WM. QUEEN, ETC., *v.* JAS. M. NICHOLAS, ETC.

**Wills—Rights of Devisees.**

A wife's devisees held to be entitled to a settlement out of the proceeds of land sold by the wife's husband, to the extent that the land was paid for with land belonging to the wife.

### APPEAL FROM NELSON CIRCUIT COURT.

February 28, 1873.

Opinion by Judge Lindsay:

There is proof conducing to show that J. W. Nicholas agreed to invest the cash, notes, etc., received from the estate of his wife's father in real estate and to take the title to her.

It seems that he did so invest about three thousand one hundred dollars ($3,100.)

There is nothing in the record authorizing the conclusion that any portion of the purchase price of the Hagan land was paid out of the means of Mrs. Nicholas. Her husband was able to have paid the cash payment, and it is certain that part of the deferred payments were made by the appellant, Queen.

When the two tracts of land to which Mrs. Nicholas held title were conveyed to Queen in exchange for the farm bought from him, the husband clearly and unmistakably manifested his intention to disregard his agreement with his wife by taking the title to himself. It may be that Mrs. Nicholas believed that this farm had been conveyed to her, but the idea can not be entertained for a moment that Nicholas was not apprised of the fact that the conveyance was to him.

Even if it be conceded that a fraud was practiced upon Mrs. Nicholas, or that she joined in the conveyance of the Chaperze land and the Hagan farm, under the mistaken idea that Queen was to convey to her, still she can not in equity claim a greater interest in the Queen farm than was paid for by the lands purchased with her money, and it may well be doubted whether a claim to that extent ought to be enforced as against her husband's creditors. Inasmuch, however, as there is proof tending to show that she would not have relinquished her right to dower in the Queen land when her husband disposed of it, except for the fact that the town property known as the Hynes House was conveyed to her we are inclined to hold, that she was in a position to assert her right to a settlement out of the proceeds arising to the extent that it was paid for by the Chaperze land. Her devisees can not claim more than this.

The chancellor erred in dismissing appellant's petition. He should have adjudged a sale of the Hynes House property, and after setting apart to the devisees of Mrs. Nicholas three thousand one hun-

dred dollars ($3,100), the balance arising from the sale should have been applied to the payment of the debts held by appellants against the estate of J. M. Nicholas.

The judgment is reversed and the cause remanded for a judgment consistent with this opinion.

The court below will permit the assignee of Queen to be substituted for him as a party plaintiff.

*Muir & Wickliffe, for appellants.*

